UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
WANDA WASHINGTON,

                  Plaintiff,

   -against-

GILMAN MANAGEMENT CORP., ROBERT
RAPHAEL, LEE DEANE, AND JOHN AND
JANE DOE (said names being
fictitious, the persons intended
being those who aided and abetted
the unlawful conduct of the named
Defendants),

               Defendants.
--------------------------------X

<u>MEMORANDUM & ORDER</u>
20-CV-5432(JS)(LGD)

**FILED**
**CLERK**

9/25/2023 10:50 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES
For Plaintiff:      William W. Cowles, Esq.
                    Samuel O. Maduegbuna, Esq.
                    Maduegbuna Cooper LLP
                    30 Wall Street, 8th Floor
                    New York, New York  10005

For Defendants:     Aviva Stein, Esq.
                    Larry H. Lum, Esq.
                    Wilson Elser Moskowitz Edelman & Dicker LLP
                    150 East 42nd Street
                    New York, New York  10017

SEYBERT, District Judge:

        Wanda Washington ("Plaintiff") commenced this employment discrimination action against Gilman Management Corp. ("Gilman"), Robert Raphael ("Raphael"), and Lee Deane ("Deane") (collectively, the "Defendants"). (<u>See generally</u> Compl., ECF No. 1.) Plaintiff, a Black female, alleges Defendants discriminated against her on the basis of her race, retaliated against her, and subjected her to a hostile work environment.

Defendants filed a motion for summary judgment. (Def. Mot. Summ. J., ECF No. 54.)   Plaintiff cross-moved for partial summary judgment and to strike an attorney declaration Defendants submitted in support of their motion. (Pl. Mot. Strike, ECF No. 57; Pl. Cross-Mot. Summ. J., ECF No. 58.)   The Court referred the parties' motions to the Honorable Lee G. Dunst for a Report and Recommendation ("R&R").  (See April 27, 2023 Elec. Order.)   In the R&R, Judge Dunst recommended granting in part and denying in part Defendants' motion, and denying both of Plaintiff's motions.  (See R&R, ECF No. 67, at 1.)

Defendants filed timely objections to the R&R, to which Plaintiff responded.[1]  (See Defs. Obj., ECF No. 69; Pl. Resp., ECF No. 70.)   For the reasons that follow, Defendants' objections are OVERRULED and the R&R is ADOPTED in its entirety.

BACKGROUND

Judge Dunst issued his R&R on July 27, 2023 and Defendants do not object to the "Background" section set forth therein.  (See R&R at 2-18.)   As such, the Court incorporates herein by reference Judge Dunst's thorough and comprehensive summary of the factual background and procedural posture of this case, which was derived from the parties' pleadings, motion papers,

---

[1] Defendants did not include page numbers on their objections, as such, pin-citations to their objections are based upon the page numbers indicated on the document according to the automatically generated ECF header.

2

and extensive supporting documentation.  The Court recites only those facts necessary to resolve Defendants' objections to the R&R.

Plaintiff asserts six causes of action against all Defendants: (1) race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"); (2) retaliation under Section 1981; (3) race discrimination in violation of the New York State Human Rights Law ("NYSHRL"); (4) retaliation in violation of the NYSHRL; (5) hostile work environment under Section 1981; and (6) hostile work environment in violation of the NYSHRL. (R&R at 2.) Defendants moved for summary judgment against all of these claims whereas Plaintiff cross-moved for partial summary judgment solely as to the retaliation claims.

In the R&R, Judge Dunst recommended granting Defendants' motion as to Counts 1 and 3, the discrimination claims, as they pertain to all Defendants.  (Id. at 21.)  He also recommended granting Defendants' motion as to Counts 2 and 4, the retaliation claims, to the extent they pertain to Defendant Deane.  (Id. at 21-22.)  The R&R determined the remaining relief requested in Defendants' motion, as well as Plaintiff's cross-motion and motion to strike, should be denied.

Before beginning his analysis, Judge Dunst highlighted nine material factual disputes.  First, Plaintiff claimed to have sent emails and complaints about discrimination to Deane, Raphael,

and non-party Donna D'Addario ("D'Addario").[2]   (Id. at 22.)
However, the parties "dispute the timeline, the substance, and
whether Lee Deane received these 2018 emails," as well as whether
D'Addario "would have raised Plaintiff's concerns with Raphael,"
who "contends that neither Lee Dane nor D'Addario ever told him
that Plaintiff complained to them about discrimination."   (Id.)
In addition, Judge Dunst noted "several disputes regarding whether
Plaintiff properly raised her complaints and whether a properly
functioning system even existed for employees to express such
concerns at Gilman."   (Id. at 22-23.)   Second, in an e-mail dated
August 21, 2018 that Plaintiff sent to D'Addario complaining about
Raphael, inter alia, Plaintiff indicates that Raphael cannot
afford to pay for "the girls'" health insurance.   (R&R at 10, 23.)
The parties dispute whether Plaintiff's reference to "the girls"
pertains to "non-white" female employees.   (Id. at 23.)   Third,
Plaintiff and Raphael had a discussion in his office on October 3,
2018 which culminated in Raphael firing Plaintiff.   (Id. at 13-
15, 23.)   The parties vigorously dispute what transpired during
the meeting, namely, whether Plaintiff "complained about the cost
of living and health insurance" (as Plaintiff argues), whether
Plaintiff "requested another loan from Gilman (as Raphael

---

[2] As noted in the R&R, D'Addario was a white female employed by
Gilman as its office manager.   (R&R at 4.)

argues),"[3] and whether Plaintiff was attempting "to blackmail Gilman with false allegations of racial discrimination." (Id. at 13, 23.)   Notably, "the post-firing internal emails at Gilman do not provide any explanation for Plaintiff's termination and do not mention the alleged blackmail attempt." (Id. at 23.)   Fourth, the parties dispute Plaintiff's claims that Deane repeatedly described Plaintiff as an "angry black woman" and hung a so-called "stress meter" on Plaintiff's cubicle, which he would adjust to reflect Plaintiff's mood.   (See id. at 6, 24).   In addition, Judge Dunst noted "that Defendants' filings in connection with the pending motions use language and euphemisms about Plaintiff that is strongly similar to the 'angry black woman' comment attributed to Lee Deane." (Id. at 24.)   Judge Dunst also noted a statement made by Deane at his deposition, during which Deane compared a fight between Plaintiff and another Black female to a fight between "two caged dogs." (Id.)   Fifth, the R&R found conflicting evidence "regarding the roles, titles, and reporting structure at Gilman." (Id. at 25.)   Sixth, the parties dispute whether Raphael made a racially derogatory remark to a Hispanic employee, Rene Feliciano.

---

[3] Gilman "would provide any employee, including Plaintiff, with an interest-free loan (so long as they asked Raphael and had a valid reason), regardless of their race work performance, or conduct." (R&R at 8.)   Plaintiff received a $20,000 loan from Gilman in January 2018, which she "paid back only $1,900 of." (Id.)   She argues Raphael recouped the remaining balance of the loan from Plaintiff's retirement fund.   (Id.)

(Id.)  As a result, the parties also dispute whether Plaintiff
refused to attend the next luncheon after this remark was made,
and whether Raphael terminated Plaintiff for not attending.[4]  (Id.
at 6, 25.)  Seventh, while Plaintiff was working as a receptionist
at Gilman, someone hung a sign on her desk that said, "Please don't
feed the animal." (Id. at 9, 25.)  It does not appear that the
parties dispute whether this event occurred.  Rather, they dispute
"the intent" behind the sign, i.e., whether the sign contributed
to a hostile work environment and/or "had [some]thing to do with
race."  (Id. at 25.)  Eighth, both sides "raise clear factual
disputes concerning whether Plaintiff paid more for an individual
health insurance plan versus other Gilman employees."  (Id. at
26.)  Ninth (and lastly), Plaintiff alleged a Gilman employee was
accused of losing or stealing money from a trip to the bank, and
that the employee claimed to have seen a black man in a hoodie and
felt threatened, which caused the employee to lose track of the
money.  (Id. at 10, 26.)  D'Addario confirmed hearing the story.
(Id. at 26.)  Plaintiff believed the story was fabricated, was
offended by it, and reported it to Raphael.  (Id. at 26.)  As
stated by Judge Dunst: "[i]n one of their submissions to the Court,
Defendants dispute the significance of the hoodie story, and argue

---

[4] The Court notes Raphael's alleged termination of Plaintiff for
not attending the luncheon is a firing separate from that which
occurred on October 3, 2018, and that Raphael re-hired Plaintiff
after she apologized for missing the luncheon.  (Id. at 6.)

'[s]o what?'" (Id.)  Thus, he determined "a disputed material fact [exists] as to the significance" of the hoodie story.  (Id.)

With these disputed material facts in mind, Judge Dunst turned to the merits of Plaintiff's claims.  Beginning with Plaintiff's claims for race discrimination, Plaintiff alleged that she paid more in health insurance premiums than non-black employees, that she was responsible for various duties other employees were not, and that she did not benefit from the same company perks as other employees.  Judge Dunst found that "Plaintiff has not identified similarly situated employees for comparison as related to her health insurance premiums claim," and that the record is devoid of credible evidence to suggest Plaintiff was deprived of company perks or assigned particular work duties as a result of discriminatory intent or motive.  (Id. at 27.) Thus, Judge Dunst recommended that Plaintiff's racial discrimination claims be dismissed.  (Id. at 28.)

Next, Judge Dunst considered Plaintiff's retaliation claims, which pertain to Raphael's termination of Plaintiff's employment on October 3, 2018.  Although numerous disputes exist about what transpired during "the October 3, 2018 meeting attended by only Plaintiff and Raphael, Plaintiff has provided more than sufficient facts to plausibly allege that she was fired moments after complaining about discrimination against her as a Black woman."  (Id. at 29.)  Judge Dunst also found "sufficient evidence

7

that Plaintiff acted in good faith, given her numerous purported emails complaining about potentially unequal treatment in the months leading up to the October 3, 2018 meeting." (Id.)  On the other hand, he determined summary judgment would be inappropriate against Gilman and Raphael because Defendants claim a plausible non-retaliatory motive for firing Plaintiff, namely, Raphael's concerns about being blackmailed. (Id.)  Notwithstanding, the R&R found that Deane, who was not present for the October 3, 2018 meeting and lacked supervisory authority over Plaintiff, did not have a sufficient level of personal involvement to be liable for these retaliation claims.  (Id. at 29-30.)  Thus, Judge Dunst recommended granting Defendants' motion as to the retaliation claims against Deane, and denying the cross-motions as to the retaliation claims against Gilman and Raphael.  (Id. at 30.)

Judge Dunst then analyzed Plaintiff's hostile work environment claims.  (Id. at 30-32.)  In particular, Judge Dunst noted "Plaintiff's numerous relevant allegations [on the issue], including but not limited to" five particular instances:

> (1) Lee Deane repeatedly calling Plaintiff an "angry black woman," (2) Lee Deane creating a "stress meter" for only Plaintiff, (3) Raphael's use of a racially derogatory term and firing of Plaintiff because she did not want to attend company lunches due to his conduct, (4) an employee's story about being scared by a Black man in a hoodie, and (5) placement of the "don't feed the animal sign" at Plaintiff's desk.

8

(Id. at 31.)  As stated in the R&R, "there are numerous factual disputes with respect to these allegations (many of which Defendants deny), but these allegations are sufficient to potentially result in a jury finding of a hostile work environment."  (Id.)  In addition, the R&R determined the hostile work environment claims could "be imputed on Gilman and Raphael, as a jury could find that Gilman failed to provide a reasonable avenue for complaints or that Raphael was aware of these complaints" because these factual matters are clearly in dispute. (Id. at 31-32.)  Consequently, Judge Dunst recommended denying Defendants' motion as to Plaintiff's hostile work environment claims.  (Id. at 32.)

As a final matter, Judge Dunst addressed Plaintiff's motion to strike an attorney declaration that Defendants submitted in support of their summary judgment motion.  (Id.)  In light of the fact that Judge Dunst did not consider the facts or allegations contained in the declaration when granting the portions of Defendants' motion identified above, he recommended denying the motion to strike as moot.  (Id.)

DISCUSSION

I.   Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).

9

The district judge must evaluate proper objections de novo; however, where a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the report and recommendation strictly for clear error. See Locus Techs. V. Honeywell Int'l Inc., 632 F. Supp. 3d 341, 351 (S.D.N.Y. 2022); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (same); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review"); Urgent One Med. Care, PC v. Co-Options, Inc., No. 21-CV-4180, 2022 WL 4596754, at *5 (E.D.N.Y. Sept. 30, 2022) ("General objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review'" (quoting Owusu v. N.Y.S. Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (cleaned up)); see also Phillips v. Reed Grp., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court . . . reviews the Report and Recommendation for clear error.").

II.  <u>Analysis</u>

Following the issuance of the R&R, Defendants submitted timely objections to the recommendations to deny summary judgment as to: (1) the retaliation claims against Gilman and Raphael; and (2) to the hostile work environment claims against all Defendants. (<u>See</u> Defs. Obj. at 2.)  In particular, Defendants argue: (1) the R&R improperly applied a pre-answer motion to dismiss standard when evaluating their summary judgment motion as to the retaliation claims (<u>id.</u> at 6-8); and (2) Plaintiff's complained of events are not severe or pervasive enough to substantiate hostile work environment claims (<u>id.</u> at 8-14).  Plaintiff, who does not object to the R&R, argues that Defendants' objections are insufficient to trigger <u>de novo</u> review because "Defendants are mostly quibbling with the R&R's semantics or word choices" and utilizing their objections to re-raise arguments and take a "second bite at the apple." (Pl. Resp. at 2-3.)  The Court agrees with Plaintiff.

As to Defendants' first objection, in essence, they submit that Judge Dunst's use of verbiage including the word "allege" is demonstrative of the fact that he improperly applied a pre-answer motion to dismiss standard to Defendants' summary judgment motion.  The Court finds this to be a disingenuous attempt to discredit the painstaking review and analysis of the record undertaken by Judge Dunst in his preparation of the R&R, which is clearly indicated by virtue of the plethora of citations to the

parties' Local Rule 56.1 Statements and supporting documentation. Judge Dunst properly announced the applicable standard of review for summary judgment motions (see R&R at 19-20) and by no means inappropriately utilized allegations in the Complaint as grounds to deny (or grant) any aspects of the parties' motions.  In fact, Judge Dunst cited to substantive allegations in the Complaint on three occasions in his 33-page R&R -- all of which occurred in the "Background" section -- to provide additional context regarding the identity of the parties.  (See, e.g., id. at 3 ("According to the Complaint, Gilman manages over 3,500 residential units in over 100 buildings in the New York City tri-state area." (citing Compl. ¶ 14)); id. ("For all relevant times, Plaintiff lived in Nassau County, New York." (citing Compl. ¶ 10)); id. ("Defendant Raphael has been an owner and the Chief Executive Officer of Gilman since 2007." (first citing Compl. ¶ 15; then citing Amended Answer, ECF No. 20, at ¶ 15; and Pl. 56.1 Stmt., ECF No. 60, at ¶ 3)).)

These de minimis references to allegations in the Complaint had no bearing on the R&R's resolution of the instant motions.  Further, to the extent that Defendants argue the R&R erred in addressing the law applicable to retaliation claims, that argument is also without merit.  (See Defs. Obj. at 7-8.) Accordingly, Defendants' first objection is OVERRULED in its entirety.

With respect to Defendants' second objection, they argue the R&R erred in its application of "the required law on a hostile work environment claim" because it did not "apply the totality of the circumstances review that it is required to." (Id. at 8, 11.) This objection is also meritless because Judge Dunst articulated the proper framework to analyze hostile work environment claims, and specifically acknowledged that "courts use a totality of the circumstances approach for determining whether a plaintiff's work environment is sufficiently hostile to support a hostile work environment claim." (R&R at 30 (quoting Love v. City of New York Dept. of Consumer Affairs, 390 F. Supp. 2d 362, 371 (S.D.N.Y. 2005)).) Without question, Judge Dunst considered the entire record to determine that triable issues of fact exist as to whether the work environment Plaintiff was subjected to at Gilman was sufficiently hostile. Although he highlighted five particular instances in the R&R that could substantiate a hostile work environment claim in this portion of his analysis, Judge Dunst clearly indicated that Plaintiff's claim was "not limited to" those five indicia. (See id. at 31.)

Defendants' remaining arguments take issue with Judge Dunst's ultimate conclusion that the offensive conduct described by Plaintiff could potentially form a basis for a hostile work environment claims. (See Defs. Obj. at 12-14.) These arguments are taken verbatim from Defendants' memorandum of law in support

of their summary judgment motion (compare id. at 12-14, with Defs. Support Memo, ECF No. 54-3, at 20-22), are improper objections to the R&R, and do not point to any clear error in Judge Dunst's analysis.  Accordingly, Defendants' second objection is OVERRULED in its entirety.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Defendants' objections are OVERRULED and the R&R is ADOPTED IN ITS ENTIRETY.  Accordingly, Defendants' motion for summary judgment (ECF No. 54) is GRANTED IN PART (Counts 1 and 3 are dismissed against all Defendants, and Counts 2 and 4 are dismissed against Deane), and DENIED IN REMAINING PART.  Plaintiff's motion to strike (ECF No. 57) and cross-motion  for summary judgment (ECF No. 58) are DENIED.

The parties are directed to file a proposed joint pre-trial order at least five business days in advance of their upcoming November 2, 2023 Pre-Trial Conference before Judge Dunst.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 25, 2023
        Central Islip, New York

14